## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CHANNEL PARTNERS CAPITAL, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARIF SHAIKH, and )<br>WARDS BOAT SHOP INC., )<br>)<br>Defendants. ) | Case No. 1:26-cv-00___ |

## COMPLAINT

Plaintiff, Channel Partners Capital, LLC ("Plaintiff"), hereby complains against Defendants, Arif Shaikh ("Shaikh"), and Wards Boat Shop Inc. ("Wards") (together, "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company, duly organized and validly existing under and by virtue of the laws of the State of Delaware, and maintains its principal place of business at 10900 Wayzata Blvd, Suite 300, Minnetonka, MN 55305. The sole member of Plaintiff is Onset Financial, Inc., a corporation duly organized and validly existing under and by virtue of the laws of the State of Utah, which maintains its principal place of business at 274 W 12300 S, Draper, UT 84020.

2. Defendant Shaikh is an individual who resides and is domiciled at 1145 Lewiston Road, Litchfield, County of Kennebec, and State of Maine 04350.

3. Defendant Wards is a New Hampshire limited liability company with a principal place of business at 1145 Lewiston Road, Litchfield, County of Kennebec, and State of Maine 04350.

4. The matter in controversy with respect to this civil action exceeds the sum or value 28 U.S.C. § 1332(a) specifies, exclusive of interest and costs.

5. This civil action is between citizens of different States.

6. Venue with respect to this civil action is proper in this District because this District is a judicial district in which all Defendants reside. *See* 28 U.S.C. § 1391(b)(1). Venue with respect to this civil action is proper in this Court in Bangor because all Defendants reside in Kennebec County, Maine. *See* D. Me. Local R. 3(h).

## FACTUAL ALLEGATIONS

7. Plaintiff is, and at all times material to this Complaint was, a leading full-service independent provider of equipment finance and working capital solutions to small businesses across the U.S. and lender offering a single source solution for both equipment finance and working capital to small businesses exclusively through equipment finance companies.

8. At all times material to this Complaint, Defendants are and/or were borrowers from Plaintiff and/or guarantors.

9. On or about August 9, 2024, Defendants executed and delivered to Plaintiff a Business Loan and Security Agreement and Guaranty with a Loan Amount of $250,000.00, a true copy of which is attached hereto as Exhibit A (the "Agreement"), and pursuant to which, *inter alia*, Plaintiff as Lender agreed to make a loan to Wards as Borrower. Plaintiff executed the Agreement on or about August 13, 2024.

10. Pursuant to the Agreement, Plaintiff loaned Wards the principal sum of $250,000.00.

11. Under the terms of the Agreement, Wards was required to make monthly payments to Plaintiff as follows: monthly payments in the amount of $20,166.67 for a total of 15 Loan Payments, due on the 28th day of each month.

12. The Agreement provides, *inter alia*, that "Borrower agrees that it will be in default under this Loan Agreement (a 'Default') if: (a) Lender is unable to collect monthly Loan Payments and Borrower fails to deliver said Loan Payments to Lender in immediately-available funds within five (5) days from when monthly Loan Payment was due . . . ."

13. In connection with the Agreement, on or about August 9, 2024, Shaikh executed and delivered to Plaintiff a Guaranty (the "Guaranty"), a true copy of which is attached hereto as part of Exhibit A, and pursuant to which, *inter alia*, Shaikh personally and unconditionally guaranteed the full and prompt payment and performance of all Wards' obligations under and pursuant to the terms of the Agreement.

14. Subsequently, Wards breached and defaulted under the Agreement by (a) failing and/or refusing to deliver one or more monthly Loan Payments to Plaintiff in immediately-available funds within five (5) days from when that or those monthly Loan Payments were due and (b) failing and/or refusing to pay to Plaintiff all amounts due under the Agreement in full and when due.

15. Wards failed and/or refused to make to Plaintiff the March 28, 2025 monthly payment in the amount of $20,166.67 and all monthly payments due thereafter under and pursuant to the terms of the Agreement.

16. Consequently, under the terms of the Agreement, Plaintiff has exercised the option to accelerate the remaining balance due under and pursuant to the terms of the Agreement and Plaintiff has accelerated all amounts due under and pursuant to the terms of the Agreement.

17. As of August 26, 2025, Wards owed Plaintiff the sum of $153,266.69 under and pursuant to the terms of the Agreement, and Shaikh owed Plaintiff the sum of $153,266.69 under and pursuant to the terms of the Guaranty, together with allowable interest and costs, and attorney

fees and expenses, as evidenced by the true copy of the Statement of Balance Due attached hereto as Exhibit B.

18. Plaintiff has demanded that Defendants pay Plaintiff all amounts, sums, and indebtedness due and owing to Plaintiff pursuant to the Agreement and the Guaranty, but Defendants have failed and/or refused to do so. Defendants' breaches of and defaults under the Agreement and the Guaranty and refusal to pay Plaintiff all amounts, sums, and indebtedness due and owing to Plaintiff have caused and will continue to cause Plaintiff to incur attorney fees and expenses to enforce the terms of the Agreement and the Guaranty and otherwise.

19. As a consequence of Defendants' breaches of and defaults under the Agreement and the Guaranty, Plaintiff has been damaged.

## COUNT I
### [Breach of Contract – Agreement]

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

21. The Agreement is a valid, binding, and enforceable contract.

22. Ward breached and defaulted under the Agreement by its conduct, acts, and/or failures and/or refusals to act, as set forth above.

23. Plaintiff did not breach or default under the Agreement; rather, Plaintiff fully performed its obligations under the Agreement.

24. Wards' breaches of and defaults under the Agreement have caused and continue to cause actual damages to Plaintiff, including without limitation, compensatory, monetary, and economic damages, for which this Court should find Ward liable to Plaintiff.

25. Ward is liable to Plaintiff in an amount to be determined, together with allowable interest and costs, and attorney fees and expenses.

WHEREFORE, Plaintiff prays that this Court enter judgment against Ward in Plaintiff's favor on Count I of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and attorney fees and expenses, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT II
### [Breach of Contract – Guaranty]

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

27. The Guaranty is a valid, binding, and enforceable contract.

28. Shaikh breached and defaulted under the Guaranty by his conduct, acts, and/or failures and/or refusals to act, as set forth above.

29. Shaikh's breaches of and defaults under the Guaranty have caused and continue to cause actual damages to Plaintiff, including without limitation, compensatory, monetary, and economic damages, for which this Court should find Shaikh liable to Plaintiff.

30. Shaikh is liable to Plaintiff in an amount to be determined, together with allowable interest and costs, and attorney fees and expenses.

WHEREFORE, Plaintiff prays that this Court enter judgment against Shaikh in Plaintiff's favor on Count II of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and attorney fees and expenses, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT III
### [Unjust Enrichment]

31. Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

32. Plaintiff conferred a benefit on Defendants, Defendants had appreciation or knowledge of the benefit, and the acceptance or retention of the benefit by Defendants was under such circumstances as to make it inequitable for them to retain the benefit without payment for the value of the benefit conferred.

33. Defendants' conduct, acts, omissions, failures to act and/or fully and faithfully perform, and/or refusals to act and/or fully and faithfully perform as promised as set forth above and otherwise have caused damage to Plaintiff in amount to be determined at trial.

34. Plaintiff is entitled to recover from Defendants the value of the benefits Defendants actually received and retained.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, jointly and severally, in Plaintiff's favor on Count III of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT IV
**[Quantum Meruit]**

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

36. Plaintiff provided and/or rendered services to Defendants, with the knowledge and consent of Defendants, and under circumstances that made it reasonable for Plaintiff to expect payment.

37. Defendants' conduct, acts, omissions, failures to act and/or fully and faithfully perform, and/or refusals to act and/or fully and faithfully perform as promised as set forth above and otherwise have caused damage to Plaintiff in amount to be determined at trial.

38. Plaintiff is entitled to recover from Defendants the reasonable value of the services Plaintiff provided and/or rendered to Defendants.

-7-

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, jointly and severally, in Plaintiff's favor on Count IV of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

Dated: February 13, 2026.          /s/ Fred W. Bopp III
                                   Fred W. Bopp III, Esq.
                                   Attorney for Plaintiff, Channel Partners Capital, LLC

BOPP & GUECIA
121 Main Street
Yarmouth, ME  04096
(207) 846-6111
fbopp@boppguecia.com