UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

CHANNEL PARTNERS CAPITAL, LLC,   )
                                 )
              Plaintiff,          )
                                 )
V.                               )      No. 1:26-cv-00079-LEW
                                 )
ARIF SHAIKH and WARDS BOAT SHOP  )
INC.,                            )
                                 )
              Defendants.         )

## <u>ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

Plaintiff Channel Partners Capital requests default judgment against Defendants Arif Shaikh and Wards Boat Shop Inc., on contractual and quasi-contractual claims arising out of a commercial loan and guarantee.  Defendants are in default for non-appearance. The matter proceeded to a default judgment hearing on May 12, 2026, at which Plaintiff appeared.  Defendants did not appear.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.  Facts as Alleged in the Amended Complaint

Upon Defendant's default, Plaintiff's allegations are "taken as true and ... considered established as a matter of law."  *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) (quoting *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 13 (1st Cir. 1985); *see also In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (citing *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is

taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.")).

Plaintiff is an independent provider of equipment finance and working capital solutions to small businesses. On or about August 9, 2024, Defendants executed and delivered to Plaintiff a Business Loan and Security Agreement and Guaranty with a Loan Amount of $250,000.00, a true copy of which was accepted in evidence at the default judgment hearing (the "Agreement"). Pursuant to the Agreement, Plaintiff as lender agreed to make a loan to Wards as Borrower. Plaintiff executed the Agreement on or about August 13, 2024.

Pursuant to the Agreement, Plaintiff loaned Wards the principal sum of $250,000.00. Under the terms of the Agreement, Wards was required to make monthly payments to Plaintiff as follows: monthly payments in the amount of $20,166.67 for a total of 15 Loan Payments, due on the 28th day of each month. The Agreement provides, inter alia, that "Borrower agrees that it will be in default under this Loan Agreement (a 'Default') if: (a) Lender is unable to collect monthly Loan Payments and Borrower fails to deliver said Loan Payments to Lender in immediately-available funds within five (5) days from when monthly Loan Payment was due . . . ."

In connection with the Agreement, on or about August 9, 2024, Defendant Shaikh executed and delivered to Plaintiff a Guaranty (the "Guaranty"), a true copy of which was accepted in evidence at the default judgment hearing, and pursuant to which, inter alia, Shaikh personally and unconditionally guaranteed the full and prompt payment and performance of all of Wards' obligations under and pursuant to the terms of the Agreement.

2

Subsequently, Wards breached and defaulted under the Agreement by (a) failing and/or refusing to deliver one or more monthly Loan Payments to Plaintiff in immediately available funds within five (5) days from when that or those monthly Loan Payments were due and (b) failing and/or refusing to pay to Plaintiff all amounts due under the Agreement in full and when due. Wards failed and/or refused to make to Plaintiff the March 28, 2025 monthly payment in the amount of $20,166.67 and all monthly payments due thereafter under and pursuant to the terms of the Agreement. Consequently, under the terms of the Agreement, Plaintiff exercised the option to accelerate the remaining balance due under and pursuant to the terms of the Agreement and Plaintiff has accelerated all amounts due under and pursuant to the terms of the Agreement.

As of August 26, 2025, Wards owed Plaintiff the sum of $153,266.69 under and pursuant to the terms of the Agreement, and Shaikh owed Plaintiff the sum of $153,266.69 under and pursuant to the terms of the Guaranty, together with allowable interest and costs, and attorney fees and expenses, as evidenced by the true copy of the Statement of Balance Due accepted in evidence at the default judgment hearing.

Plaintiff has demanded that Defendants pay Plaintiff all amounts, sums, and indebtedness due and owing to Plaintiff pursuant to the Agreement and the Guaranty, but Defendants have failed and/or refused to do so. Defendants' breaches of and defaults under the Agreement and the Guaranty and refusal to pay Plaintiff all amounts, sums, and indebtedness due and owing to Plaintiff have caused and will continue to cause Plaintiff to incur attorney fees and expenses to enforce the terms of the Agreement and the Guaranty

and otherwise.  As a consequence of Defendants' breaches of and defaults under the Agreement and the Guaranty, Plaintiff has been damaged, in a sum certain.

## II.    DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 55(a) states that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, as "made to appear by affidavit or otherwise," the clerk shall enter the party's default.  However, liability and the amount of damages are not necessarily established as a result of the default. *E.g., Ohio Cent. R.R. Co. v. Central Trust Co.* 133 U.S. 83, 91 (1890) ("[I]f [the allegations] are indefinite, or the demand of the complainant is in its nature uncertain, the requisite certainty must be afforded by proof"); *Danning v. Lavine* 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . or claims which are not pleaded, are not binding and cannot support the judgment").  Rule 55(b)(2) allows the court discretion to determine the scope of the damages hearing to be held.

### B.  Liability

The facts establish Defendants' liability for breach of contract under the Agreement (Count I) and the Guaranty (Count II).  Given the Defendants' liability under the Agreement and the Guaranty and the fact that the Motion for Default Judgment seeks a sum certain based on these contracts and not any additional amounts, the remaining Counts seeking quantum meruit and unjust enrichment will be dismissed.

### C. Remedy

When liability is found by default, it is appropriate to award remedies authorized in law or equity. *Libertad,* 215 F.3d at 208. Unless the claim involves a "sum certain," monetary relief awarded through a default judgment must be supported by proof. Fed. R. Civ. P. 55(b)(2); *KPS & Assocs. Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).

"The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2663 (4th ed.); *In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008); *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1214 (D. Nev. 2016).

For Counts I and II, Defendants are liable to Plaintiff for a sum certain in the amount of $153,266.69, together with allowable interest and costs. Defendants are additionally liable for $6,944.60 in attorney fees and expenses.

## III.   CONCLUSION

The Motion for Default Judgment (ECF No. 9) is GRANTED IN PART and DENIED IN PART. Judgment is awarded to Plaintiff on Counts I and II in the amounts set forth above. Counts III and IV are DISMISSED WITH PREJUDICE.

SO ORDERED.                                  Dated this 15th day of July, 2026.

                                        /s/ Lance E. Walker
                                        CHIEF U.S DISTRICT JUDGE